UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

21ST MORTGAGE CORP.                                              PLAINTIFF

VS.                                       CIVIL ACTION NO. 2:23-cv-196-KS-MTP

LYNDON SOUTHERN INSURANCE
COMPANY, LOTSOLUTIONS, INC.,
JALAINA FANEA BARLOW, KERWIN
JAMAAL ELY, PNC BANK, NA and
JOHN and JANE DOES 1-5                                          DEFENDANTS

**AMENDED COMPLAINT**

21st Mortgage Corp. ("21st Mortgage"), files its Amended Complaint against Lyndon Southern Insurance Company ("Lyndon Southern Insurance"), LotSolutions, Inc. ("LotSolutions"), Jalaina Fanea Barlow ("Barlow"), Kerwin Jamaal Ely ("Ely"), PNC Bank, NA ("PNC") and John and Jane Does 1 - 5, and states:

**Parties**

1.   21st Mortgage is a corporation organized and existing under the laws of the State of Tennessee and is authorized to do business in Mississippi. 21st Mortgage is engaged in the business of financing, among other things, the purchase price of mobile homes.

2.   Lyndon Southern Insurance is a foreign insurer with its principal office located at 1807 Market Street, Wilmington, DE 19802 and is admitted and authorized to do business in the state of Mississippi. Lyndon Southern Insurance may be served with process by delivering a copy of the Summons and Complaint to its appointed agent Corporate Creations Mississippi LLC, 232 Market Street, Flowood, MS 39232 or the Mississippi Commissioner of Insurance. Lyndon Southern Insurance  is engaged in the business of writing insurance and markets its insurance products in the

state of Mississippi.

3. LotSolutions is a foreign for profit corporation with its principal office located at 2350 Prince Ave., Bldg 1, Suite 4, Athens, GA 30603 and is admitted and authorized to do business in the state of Mississippi. LotSolutions may be served with process by delivering a copy of the Summons and Complaint to its appointed agent Corporate Creations Network, Inc., 7 Professional Parkway #101, Hattiesburg, MS 39402 or wherever it may be found. LotSolutions may also be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

4. Jalaina Fanea Barlow is a resident of the state of Mississippi and may be served with process at her residence at 1323 Highway 503 Vossburg, MS 39366 or wherever she may be found.

5. Kerwin Jamaal Ely is a resident of the state of Mississippi and may be served with process at his residence at 1323 Highway 503 Vossburg, MS 39366 or wherever he may be found.

6. PNC is a national banking association formed under the laws of the United States and is authorized to transact the business of banking. PNC's principal office is located at 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222-2707. PNC is not registered to conduct business in the state of Mississippi but does conduct business throughout the state of Mississippi including, but not limited to, Jasper County, Mississippi, and with Mississippi citizens including Jalaina Fanea Barlow. PNC has appointed Corporation Service Company, 3366 Riverside Drive, Suite 103 Upper Arlington, Ohio 43221, as its agent for service of process and may be served with process through its appointed agent or as otherwise provided by law.

7.      John and Jane Does 1-5 are persons, corporations and/or entities whose identities and/or malfeasance are not known at this time but who committed a tort or breached a contract in whole or in part in the state of Mississippi and caused injuries and resulting damages to 21st Mortgage. The true names and capacities, whether individual, corporate, associate or otherwise, of the John and Jane Doe Defendants 1-5 are currently unknown to 21st Mortgage which therefore brings this suit against these Defendants by such fictitious names. Upon information and belief, each of the fictitiously named Defendants were negligent or otherwise legally responsible in some other actionable manner for the events and happenings referenced in this Complaint, which caused 21st Mortgage's injury and damages. 21st Mortgage will seek leave of Court to amend this Complaint and state the true names and/or capacities of the John and Jane Doe Defendants 1-5 when their identities have been ascertained.

## Jurisdiction and Venue

8.      As originally filed, the Circuit Court of Jasper County, Mississippi, First Judicial District, had jurisdiction of this action. However, unless and until this case is remanded to the Circuit Court of Jasper County, Mississippi, First Judicial District, the United States District Court, Southern District of Mississippi, Eastern Division, are the District and Division of the Court embracing the place wherein the state court action is pending.

## Facts

9.      On or about February 27, 2023, Barlow and Ely executed and delivered to 21st Mortgage a Consumer Loan Note, Security Agreement and Disclosure Statement ("Contract") in the original principal amount of $177,539.00. The loan proceeds were used by Barlow and Ely to purchase a manufactured home. [Ex. "A", Contract]

10.     As a condition of the terms of the Contract, 21st Mortgage obtained a security interest in, and a lien on a manufactured home described as a new 2022 Hamilton Mobile Home, Serial No. HL22AL06203AB (the "Collateral").  21st Mortgage's lien and security interest in the Collateral was duly perfected in accordance with the laws of the state of Mississippi. [Ex. "B", Certificate of Title]

11.     The Contract required Barlow and Ely to maintain property insurance on the Collateral against physical damage for the term of the Contract and that the insurance policy contain a loss payable clause protecting 21st Mortgage's interest as it may appear.

12.     Lyndon Southern Insurance issued to Barlow and Ely[1] a Broad Form Manufactured Home Policy, Newly Manufactured Homes, Policy Number FMD002299-00 ("Policy"), by which it agreed to provide property and liability insurance and other described coverages for the Collateral. [Ex. "C", Policy] 21st Mortgage is listed in the Declarations Page for the Policy as Mortgagee(s) /Additional Insureds with its address shown as 21st Mortgage Corporation, 620 Market St, Suite 100, Knoxville, TN 37902.  Lyndon Southern Insurance failed to fill in the space provided below the address for the 21st Mortgage Loan number.

13.     The CONDITIONS section of the Policy, Section I, ¶ 12, contains a **Lienholder Interest** endorsement that reads, in pertinent part:

> If **you** borrowed money to buy **your** Manufactured Home, the person or business that loaned **you** the money is called the lienholder. The designation of a lien holder is considered to be an acknowledgement by **you** that the lienholder has a legal interest in the Manufactured Home due to an installment sales contract or other secuity

---

[1]The Definitions section of the Policy reads, "Throughout this policy, '**you**' and '**your**' refer to the '**named insured**' shown in the Declarations and the spouse if a resident of the same household." The Declarations show the named insureds are "Jalaina Barlow & Kerwin Ely".

agreement.

> When a lienholder is named on the Declarations Page, **our** payment method will recognize the lienholder's interest in **your** property. If we elect to settle **your** loss or damage in money, both **your** name and **your** lienholder's will appear on **our** payment check. . . .

14. The Policy is supplemented by Miss. Code Ann. § 83-13-9 which states that each fire insurance policy on buildings taken out by a mortgagor must contain substantially the following clause:

> Loss or damage, if any, under this policy, shall be payable to (here insert the name of the party), as _____ mortgagee (or trustee), as _____ interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor . . . [2]

The Mortgage Clause creates a separate, independent contract of insurance between the mortgagee and the insurer. Accordingly, when Lyndon Southern Insurance issued the Policy to Barlow and Ely, as mortgagors, it also issued a separate, independent contract of insurance to 21st Mortgage, as mortgagee. In effect, Lyndon Southern Insurance issued two separate policies, one to Barlow and Ely as mortgagors for the difference between the mortgage debt on the Collateral and the amount of the Policy and the other in favor of 21st Mortgage as mortgagee to the extent of the debt owed on the Collateral.

15. On or about September 15, 2023, the date of loss ("DOL"), the Collateral was totally destroyed by fire.

16. On the DOL, the Mortgage Clause dictated that 21st Mortgage receive all proceeds of the Policy "as its interest may appear," defined as the extent of the Mortgagors' debt to 21st

---

[2] The Policy and Lienholder Interest endorsement as supplemented by the statutory mandatory mortgage clause is referenced herein as the "Mortgage Clause".

Mortgage secured by the Collateral. As of the DOL, Barlow and Ely owed 21st Mortgage the sum of $188,716.37.

17.     Shortly after learning of the fire and of the total loss condition of its Collateral, 21st Mortgage requested payment from Lyndon Southern Insurance. At the time, 21st Mortgage was not aware that on or about October 3, 2023 (18 days after the DOL) LotSolutions, acting as agent for Lyndon Southern Insurance, issued check number 30851 in the amount of $186,188.71 payable to "Jalanai Barlow 21st Mortgage Corporation" ("Check"). [Ex. "D", Check][3]

18.     Because the Mortgagors' debt to 21st Mortgage on the DOL was $188,716.37 and exceeded the amount of the Policy proceeds, 21st Mortgage was entitled to all Policy proceeds. In other words, the mortgage balance exceeded the amount of the proceeds. Therefore, Barlow and Ely had no interest in the proceeds and should not have been included as a payee on the Check. Lyndon Southern Insurance was contractually bound to first satisfy the debt owed to 21st Mortgage before paying any remaining proceeds (in this case there were none) to the Mortgagors.

19.     By including Barlow as a payee on the Check, Lyndon Southern Insurance and LotSolutions breached the Policy. On information and belief, LotSolutions and Lyndon Southern Insurance failed to investigate and fairly evaluate 21st Mortgage's insurance claim and particularly, its interest in the Policy proceeds. Had Lyndon Southern Insurance and LotSolutions conducted a reasonable investigation of the facts and applicable law they would have known that the mortgage balance exceeded the amount of the proceeds and that the Mortgagors had no interest in the proceeds. Lyndon Southern Insurance's failure to fill in the space provided below

---

[3]The Check should have been payable solely to 21st Mortgage. However, even as negligently drawn, LotSolutions failed to include Kerwin Ely, a "named insured".

the address for the 21st Mortgage Loan number on Declarations and its failure to contact 21st Mortgage to gain relevant information about the Loan balance after the DOL evidences its failure to conduct any investigation. Had Lyndon Southern Insurance and LotSolutions conducted a proper investigation they would have easily adduced evidence showing that 21st Mortgage was the only claimant entitled to payment of the proceeds. Lyndon Southern Insurance's continued refusal to pay 21st Mortgage what is owed on its claim is further evidence of its bad faith.

20. Moreover, rather than deliver the Check to 21st Mortgage at the address clearly provided in the Declarations, LotSolutions mailed the Check directly to Barlow without any notice to 21st Mortgage. At no time did 21st Mortgage appoint Barlow as its agent for delivery of the Check. By delivering the Check to Barlow, Lyndon Southern Insurance and LotSolutions breached the Policy.

21. Because Lyndon Southern Insurance and LotSolutions breached the Policy, Barlow was able to endorse and negotiate the Check without 21st Mortgage's knowledge or consent. On information and belief, Barlow deposited the Check into her personal bank account with PNC without PNC first obtaining 21st Mortgage's endorsement and/or consent. By allowing the Check to be negotiated and deposited into Barlow's account, PNC was negligent.

22. Although 21st Mortgage repeatedly has demanded payment from Barlow, Ely and Lyndon Southern Insurance, it has received none of the Policy proceeds. Lyndon Southern Insurance breached the Policy and has denied payment to 21st Mortgage without any arguable basis in law or fact for doing so.

23. Due to Lyndon Southern Insurance's breach of the Policy and refusal and failure to pay 21st Mortgage, it was forced to employ counsel and incur legal fees and costs, including

the prosecution of this action.

## COUNT I - BREACH OF CONTRACT

24. The preceding paragraphs are incorporated by reference.

25. Barlow and Ely were contractually bound to maintain in place the Policy to protect 21st Mortgage's interest. By endorsing and negotiating the Check without obtaining 21st Mortgage's permission and consent, Barlow breached the Contract.

26. The Contract also required Barlow and Ely to pay 21st Mortgage the sum of $177,539.00 with interest thereon at the rate of 9.050 percent per annum and all reasonable attorney's fees and costs for collection. Barlow and Ely breached the Contract by defaulting on their payment obligations to 21st Mortgage. As of November 30, 2023, Barlow and Ely owe 21st Mortgage the sum of $191,579.97, plus interest, attorney fees and expenses.

27. Lyndon Southern Insurance and its agent, LotSolutions, breached the separate Policy with 21st Mortgage by not paying its claim and by failing to make the Check payable solely to 21st Mortgage. Lyndon Southern Insurance and its agent, LotSolutions further breached the Policy by delivering the Check to Barlow when Barlow was not its agent for delivery.

28. 21st Mortgage has suffered substantial damages as a direct and proximate result of Barlow and Ely's breach of the terms of their Contract with 21st Mortgage.

29. 21st Mortgage has suffered substantial damages as a direct and proximate result of Lyndon Southern Insurance's and its agent, LotSolutions', breach of the Policy.

## COUNT II - CONVERSION BY BORROWER

30. The preceding paragraphs are incorporated by reference.

31. The Policy proceeds rightfully and legally belonged to 21st Mortgage and it had

the sole authority to possess the proceeds.

32. By endorsing and negotiating the Check without lawful justification and without first obtaining 21st Mortgage's permission and consent, Barlow wrongfully converted funds belonging to 21st Mortgage to her own use and thereby failed to protect 21st Mortgage's financial interest in the Check.

33. 21st Mortgage has suffered substantial damages as a direct and proximate result of Barlow's conversion of funds belonging to 21st Mortgage.

### COUNT III - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

34. The preceding paragraphs are incorporated by reference.

35. Lyndon Southern Insurance and its agent, LotSolutions, were subject to the implied duty to act fairly and in good faith and to not deprive 21st Mortgage of the benefits of the Policy.

36. Lyndon Southern Insurance's and its agent, LotSolutions', intentional refusal to pay 21st Mortgage's valid claim breached the implied duty of good faith and fair dealing and operated to unreasonably deprive 21st Mortgage of the benefits of the Policy.

37. 21st Mortgage has suffered substantial damages as a direct and proximate result of Lyndon Southern Insurance's and its agent, LotSolutions', breach of the covenant of good faith and fair dealing.

### COUNT IV - BAD FAITH DENIAL OF INSURANCE CLAIM

38. The preceding paragraphs are incorporated by reference.

39. Lyndon Southern Insurance had no arguable basis in law or fact to deny 21st Mortgage's claim.

40. Lyndon Southern Insurance's denial of 21st Mortgage's claim through its refractory conduct in willfully refusing to pay 21st Mortgage's claim was intentional and/or grossly negligent.

41. Lyndon Southern Insurance's denial of 21st Mortgage's claim reflected a reckless disregard for 21st Mortgage's rights. Lyndon Southern Insurance's continued refusal to pay 21st Mortgage what is owed on its claim is further evidence of its bad faith.

42. 21st Mortgage has suffered substantial damages as a direct and proximate result of Lyndon Southern Insurance's bad faith denial of its claim.

## COUNT V - NEGLIGENCE

43. The preceding paragraphs are incorporated by reference.

44. Lyndon Southern Insurance and its agent, LotSolutions, failed to pay 21st Mortgage in accordance with the provisions of the Policy. Lyndon Southern Insurance and its agent, LotSolutions, owed 21st Mortgage a legal duty and obligation to exercise reasonable care in drafting, issuing and mailing the Check in such a manner as to avoid causing injury to 21st Mortgage. Rather than issuing the Check payable solely to 21st Mortgage, Lyndon Southern Insurance and its agent, LotSolutions, issued the check payable to "Jalanai Barlow 21st Mortgage Corporation". Additionally, Lyndon Southern Insurance and its agent, LotSolutions, should have mailed the check directly to 21st Mortgage at the address included in the Declarations. Lyndon Southern Insurance and its agent, LotSolutions, failed to exercise reasonable care in fulfilling their duties to 21st Mortgage which directly caused injury and damages to 21st Mortgage.

45. PNC, a federal depository institution, was the bank of first deposit on the Check and was legally obligated to see that all required endorsements were obtained before the Check was deposited by Barlow. PNC owed 21st Mortgage, a named payee, the duty to obtain its endorsement before allowing its customer, Barlow, to deposit the Check. PNC should not have accepted the Check for deposit without first making sure all required endorsements were obtained and that each endorsement was proper. PNC failed to obtain 21st Mortgagee's endorsement and as a result 21st Mortgage has not received any benefit from the negligently drawn Check. PNC failed to exercise reasonable care in fulfilling its duties to 21st Mortgage which caused damage to 21st Mortgage.

46. 21st Mortgage has suffered substantial damages as a direct and proximate result of Lyndon Southern Insurance's and its agent, LotSolutions', negligence.

47. 21st Mortgage has suffered substantial damages as a direct and proximate result of PNC's negligence.

**WHEREFORE,** 21st Mortgage Corp. seeks judgment against Lyndon Southern Insurance Company, LotSolutions, Inc., Jalaina Fanea Barlow, Kerwin Jamaal Ely, and PNC Bank, NA, jointly and severally, for all actual, consequential, extra-contractual, punitive and other damages recoverable under Mississippi law in an amount to be determined by a jury, plus pre- and post-judgment interest, costs, attorney fees, and any other relief as the Court deems just and proper.

DATED: February 5, 2024.

Respectfully submitted,
**21ST MORTGAGE CORP.**

By its attorneys,
**McKAY LAWLER FRANKLIN**
**& FOREMAN, PLLC**


/s/ R. Keith Foreman
R. Keith Foreman
Edward E. Lawler, Jr.


Edward E. Lawler, Jr.
Mississippi Bar No. 1095
R. Keith Foreman
Mississippi Bar No. 5421
McKAY LAWLER FRANKLIN
       & FOREMAN, PLLC
Post Office Box 2488
Ridgeland, Mississippi  39158-2488
Telephone 601-572-8778
Telefax 601-572-8440
elawler@mckaylawler.com
kforeman@mckaylawler.com

## **CERTIFICATE OF SERVICE**

I, R. Keith Foreman, do hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court, via its ECF system, which sent notification of such filing to the following:

> Daniel J. Hammett
> Roy H. Liddell
> WELLS MARBLE & HURST, PLLC
> 300 Concourse Blvd., Suite 200
> Ridgeland, MS 39157

DATED: February 5, 2024.

/s/ R. Keith Foreman
R. Keith Foreman