IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**21ST MORTGAGE CORP.**                                                                              **PLAINTIFF**

v.                                                                  CIVIL ACTION NO. 2:23-cv-196-KS-MTP

**LYNDON SOUTHERN INSURANCE
COMPANY, LOTSOLUTIONS, INC.,
JALAINA FANEA BARLOW, KERWIN
JAMAAL ELY, PNC BANK, N.A. and
JOHN and JANE DOES 1-5**
                                                                                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This cause comes before the Court on Lyndon Southern Insurance Company and LotSolutions, Inc.'s Motion to Dismiss. [12], [13]. Plaintiff filed its response. [19], [20]. Lyndon Southern Insurance Company and LotSolutions, Inc. filed a reply [23]. Having reviewed the parties' submissions, the relevant rules and legal authorities, and otherwise being duly advised in the premises, for the reasons set forth herein, the Court finds that the motion is not well taken and denied.

**I. BACKGROUND**

21st Mortgage Corp. ("21st Mortgage") finances the purchase of mobile homes. Lyndon Southern Insurance Company ("LSIC") writes and issues insurance policies for insureds who purchase and finance the purchase of mobile homes. LotSolutions, Inc. ("LotSolutions") is LSIC's agent. In February 2023, Jalaina Fanea Barlow ("Barlow") and Kerwin Jamaal Ely ("Ely") borrowed money from 21st Mortgage to buy a new mobile home and placed the mobile home as collateral. LSIC insured the mobile home. The home was destroyed by fire on September 15, 2023, and Barlow made a claim under the Policy. On October 3, 2023, LSIC (through its agent, LotSolutions) paid the claim by issuing a check that included both Barlow and 21st Mortgage on

the payee line. Specifically, the payee line on the check read "Jalaina Barlow 21st Mortgage Corporation." Upon receipt, Barlow deposited the check into her personal account at PNC Bank, NA. At the time of deposit, PNC Bank failed to obtain 21st Mortgage's endorsement on the check. Upon discovering the fire event and the loss of its collateral, 21st Mortgage contacted LSIC for payment on its claim only to learn that LSIC and LotSolutions had already issued and delivered a check to Barlow. LSIC has continuously refused payment to 21st Mortgage. Plaintiff's Amended Complaint includes claims against LSIC and LotSolutions for breach of contract (Count 1), breach of the covenant of good faith and fair dealing (Count 3), bad faith denial of an insurance claim (Count 4), and negligence (Count 5).

## II. DISCUSSION

### A. Legal Standard

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Rules allow a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in a plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

To withstand a motion brought under Rule 12(b)(6), a complaint must plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Although a complaint need not contain detailed

factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). However, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Generally, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). A court may consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, n.3 (5th Cir. 1995), and any other matters of which it may take judicial notice, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

**B. Analysis**

Defendants argue dismissal under Rule 12(b)(6) is warranted because even when accepting the allegations in the Amended Complaint as true, LSIC complied with the plain terms of the Policy and Section 83-13-9. In support, Defendants note they paid the claim, put 21st Mortgage on the payee line of the check, and argue 21st Mortgage cannot identify a contractual provision that prohibits them from including Barlow's name on the check or prohibiting them from delivering the check to Barlow.

**1. Breach of Contract**

Under Mississippi law, "[a] breach-of-contract case has two elements: (1) 'the existence of a valid and binding contract,' and (2) a showing 'that the defendant has broken, or breached it.'" *Maness v. K & A Enterprises of Mississippi, LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012)). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Travelers Indemnity Company v. Forrest County*, 164 F. Supp. 3d 899, 902 (S.D. Miss. 2016) (quoting

3

*Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009)). "[W]here an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written" and "although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous…." *Travelers Indemnity Company*, 164 F. Supp. 3d at 902 (quoting *Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008)).

Mississippi requires fire insurance policies on buildings taken out by a mortgagor to have substantially the following clause:

> Loss or damage, if any, under this policy, shall be payable to (here insert the name of the party), as _____ mortgagee (or trustee), as _____ interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner….

Miss. Code Ann. § 83-13-9. Mississippi "recognizes the general rule that provisions of an insurance contract are to be construed strongly against the drafter." *Nationwide Mut. Ins. Co. v. Garriga*, 636 So. 2d 658, 662 (Miss. 1994) (citing *Williams v. Life Insurance Company of Georgia*, 367 So. 2d 922, 925 (Miss. 1979)). "[W]here an insurance policy is ambiguous, or capable of two reasonable interpretations, the interpretation most favorable to the insured will be adopted."[1] *Insurance Co. of North America v. Deposit Guaranty Nat. Bank*, 258 So. 2d 798, 800 (Miss. 1972). "[U]nder Mississippi law, when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written." *IDs Property Cas. Ins. Co. v. Meeks*, 537 Fed. App'x 513, 515 (5th Cir. 2013) (quoting *Noxubee Cnty. Sch. Dist. V. United Nat'l Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004)).

Defendants argue 21st Mortgage has failed to state a breach of contract claim against them

---

[1] The Court notes that although an insurance policy may be interpretated most favorable to the insured when a term is ambiguous, this does not necessarily mean that an insured will receive insurance proceeds that she is not entitled to.

4

because they complied with the plain terms of the Policy and Section 83-13-9 by putting 21st Mortgage on the payee line of the check. Defendants also argue that the policy is plain and unambiguous, so there is no need to resort to contract construction principles.

21st Mortgage argues 1) Defendants breached the terms of the Policy because it was entitled to all the Policy proceeds and only 21st Mortgage should have appeared on the check; 2) LSIC could have put Barlow's name as a reference instead of a payee to comply with the Policy because the Policy does not state that the mortgagor's name must appear as payee; 3) the term *appear* creates an ambiguity because Barlow's name could appear on the check as a payee or in another way to clarify what the check was meant for; and 4) Barlow had no interest in the proceeds, so there was no contractual basis to deliver the proceeds to her and she was not 21st Mortgage's agent for delivery.

The parties do not dispute that they are contractually bound. The issues are whether Defendants breached the terms of the Policy and Section 83-13-9 and whether the term *appear* creates an ambiguity. The Court finds that 21st Mortgage has stated a claim for breach of contract.

In the Amended Complaint, 21st Mortgage alleges Defendants breached the Policy by not paying its claim, failing to make the check payable solely to 21st Mortgage, and by delivering the check to Barlow when she was not its agent for delivery. The Policy states,

> If **you** borrowed money to buy **your** Manufactured Home, the person or business that loaned **you** the money is called the lienholder. The designation of a lienholder is considered to be an acknowledgment by **you** that the lienholder has a legal interest in the Manufactured Home due to an installment sales contract or other security agreement.
>
> When a lienholder is named on the Declarations Page, **our** payment method will recognize the lienholder's interest in **your** property. If **we** elect to settle your **loss** or damage in money, both **your** name and **your** lienholder's will appear on **our** payment check.

[9-3] p. 13-14, ¶ 12. The payee line on the check is, "Jalaina Barlow 21st Mortgage Corporation."

As written, there is no distinction between the two parties, and an entity or person named "Jalaina Barlow 21st Mortgage Corporation" does not exist. Moreover, Section 83-13-9 clearly states that the check should be payable to 21st Mortgage. When LSIC and/or LotSolutions put the mortgagor's name on the payee line, Defendants potentially violated their obligations. Because of the way the parties' names was written on the check, 21st Mortgage has stated a claim against Defendants for breach of contract.

**2. Breach of the Covenant of Good Faith and Fair Dealing**

As the Supreme Court of Mississippi explained, "'[a]ll contracts contain an implied covenant of good faith and fair dealing in performance and enforcement. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness.'" *General Motors Acceptance Corp. v. Baymon*, 732 So. 2d 262, 269 (Miss. 1990) (quoting *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992)). In *Baymon*, the Mississippi Supreme Court held that a party did not violate any of its duties of good faith and fair dealing when it "took only those actions which were duly authorized by the contract." 732 So. 2d at 269.

Defendants argue 21st Mortgage has failed to state a claim for breach of the covenant of good faith and fair dealing against them because they only took those actions that were authorized by the policy and 21st Mortgage has failed to identify any conduct by Defendants that violates standards of decency, fairness, or reasonableness. 21st Mortgage argues that it has stated a claim for breach of the covenant of good faith and fair dealing against Defendants that is plausible on its face because the factual allegations show that Defendants

- deprived 21st Mortgage of the benefits of its Policy
- took no affirmative steps to cooperate in paying 21st Mortgage
- intentionally refused to pay 21st Mortgage
- failed to investigate 21st Mortgage's claim

6

    - failed to acknowledge the separate and independent insurance contract with 21st Mortgage
    - failed to recognize 21st Mortgage's interest in its Collateral
    - failed to investigate and recognize that the mortgage balance exceeded the amount of proceeds
    - failed to deliver the Check to 21st Mortgage
    - failed to make the Check payable to 21st Mortgage only
    - insisted that the Policy require Barlow to be named payee on the payment check with 21st Mortgage
    - failed to re-issue a separate check to 21st Mortgage after being notified that Barlow deposited the Check into her personal account and that 21st Mortgage received no proceeds
    - delivered the Check to Barlow when she was not 21st Mortgage's agent for delivery
    - demanded that 21st Mortgage seek payment from PNC Bank (an entity with whom 21st Mortgage has no relationship) rather than from LSIC, its insurer
    - denied 21st Mortgage's claim with no arguable basis in law or fact
    - continue to refuse payment to 21st Mortgage during the pendency of this case.

[20] at ¶ 60.

In the Amended Complaint under Count III for breach of the covenant of good faith and fair dealing, 21st Mortgage alleges,

    34. The preceding paragraphs are incorporated by reference.
    35. [Defendants] were subject to the implied duty to act fairly and in good faith and to not deprive 21st Mortgage of the benefits of the Policy.
    36. [Defendants'] intentional refusal to pay 21st Mortgage's valid claim breached the implied duty of good faith and fair dealing and operated to unreasonably deprive 21st Mortgage of the benefits of the Policy.
    37. 21st Mortgage has suffered substantial damages as a direct and proximate result of [Defendants'] breach of the covenant of good faith and fair dealing.

[9] p. 9. The Court finds that there are sufficient factual allegations, taken as true, in the Amended Complaint to plausibly state a claim for breach of the covenant of good faith and fair dealing. It is plausible that Defendants acted unreasonable and grossly negligent in listing the payee as an entity that does not exist and without punctuation or conjunction to denote the two different parties.

### 3. Bad Faith Denial of Insurance Claim

"'[T]he insured has the burden of establishing a claim for bad faith denial of an insurance

7

claim,' and she 'must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, *and* (2) with malice or gross negligence in disregard of the insured's rights.'" *Willis v. Allstate Ins. Co.*, 2014 WL 5514160, at *7 (S.D. Miss. 2014) (quoting *United States Fid. & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992)).

Defendants argue 21st Mortgage's bad faith denial of insurance claim against them should be dismissed because there was no denial or refusal of insurance coverage, 21st Mortgage has failed to state a claim for breach of contract so Defendants cannot possibly have committed bad faith, their arguable basis for their actions comes from the plain language of the Policy and Section 83-13-9, and 21st Mortgage has failed to satisfy the plausibility standard that LSIC acted intentional, grossly negligent, and/or with reckless disregard for 21st Mortgage's rights.

21st Mortgage argues that LSIC did not investigate its claim or right to the Policy proceeds and if it had conducted a reasonable investigation, it would have realized that 21st Mortgage was the only claimant entitled to payment. 21st Mortgage further argues LSIC's continued refusal to pay 21st Mortgage further evidences its bad faith.

The Court finds that 21st Mortgage has plead sufficient factual allegations, taken as true, to satisfy the plausibility standard for a bad faith denial of an insurance claim.

**4. Negligence**

Defendants argue the negligence claims against them should be dismissed because that claim is subsumed by 21st Mortgage's breach of contract claim and even if 21st Mortgage could assert a negligence claim, they complied with its duties under the Policy.

21st Mortgage admits that "[u]nder Mississippi law, an insurance adjuster, agent, or similar entity is not independently liable for simple negligence in connection with its work on a claim but may be liable if its acts amount to gross negligence, malice, or reckless disregard for

8

the rights of the insured." [20] at ¶ 67 (citing *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004)). 21st Mortgage then requests discovery because the facts are not fully developed and states that it alleges facts, taken as true, that show LotSolutions acted with gross negligence and reckless disregard for the rights of 21st Mortgage.

Because the parties' relationship is based on their contract and 21st Mortgage's negligence claim is based on Defendants' alleged breach of the same, the simple negligence claim is subsumed by the breach of contract claim. *See Willis v. Allstate Ins. Co.*, 2014 WL 5514160, at *16-17 (S.D. Miss. 2014). However, the Court finds that 21st Mortgage has also stated a claim for gross negligence.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Dismiss [12] is **DENIED.** All of 21st Mortgage's claims against Lyndon Southern Insurance Company and LotSolutions, Inc. remain.

SO ORDERED AND ADJUDGED this 17th day of April 2024.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE