IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**21ST MORTGAGE CORP.**                                                                                          **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 2:23-cv-196-KS-MTP**

**LYNDON SOUTHERN INSURANCE**
**COMPANY, LOTSOLUTIONS, INC.,**
**JALAINA FANEA BARLOW, KERWIN**
**JAMAAL ELY, and JOHN and JANE**
**DOES 1-5**
                                                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Lyndon Southern Insurance Company and LotSolutions, Inc.'s Motion to Strike Plaintiff's Surrebuttal in Support of Its Response to Lyndon Southern Insurance Company's and LotSolutions, Inc.'s Motion to Dismiss [26] and accompanying Memorandum in Support [27]. No response or reply has been filed. Having reviewed the parties' submissions, the relevant rules and legal authorities, and otherwise being duly advised in the premises, for the reasons set forth herein, the Court finds that the motion is well taken and granted.

### I. BACKGROUND

#### A. Facts

Plaintiff 21st Mortgage Corporation ("21st Mortgage") finances the purchase of mobile homes. Lyndon Southern Insurance Company ("LSIC") writes and issues insurance policies for insureds who purchase and finance the purchase of mobile homes. LotSolutions, Inc. ("LotSolutions") is LSIC's agent. In February 2023, Jalaina Fanea Barlow ("Barlow") and Kerwin Jamaal Ely ("Ely") borrowed money from 21st Mortgage to buy a new mobile home and placed the mobile home as collateral. LSIC insured the mobile home. The home was destroyed by fire on September 15, 2023, and Barlow made a claim under

the Policy. On October 3, 2023, LSIC (through its agent, LotSolutions) paid the claim by issuing a check that included both Barlow and 21st Mortgage on the payee line. Specifically, the payee line on the check read "Jalaina Barlow 21st Mortgage Corporation." Upon receipt, Barlow deposited the check into her personal account at PNC Bank, National Association ("PNC Bank"). At the time of deposit, PNC Bank failed to obtain 21st Mortgage's endorsement on the check. Upon discovering the fire event and the loss of its collateral, 21st Mortgage contacted LSIC for payment on its claim only to learn that LSIC and LotSolutions had already issued and delivered a check to Barlow. LSIC has continuously refused payment to 21st Mortgage.

On February 15, 2024, LotSolutions and LSIC filed a motion to dismiss. Subsequently, 21st Mortgage filed its response, and LotSolutions and LSIC filed their reply. Without leave of court, 21st Mortgage filed its surrebuttal on April 9. On April 12, LotSolutions and LSIC filed their motion to strike Plaintiff's surrebuttal at issue here. No response or reply to the motion to strike was filed.

**II. DISCUSSION**

The Fifth Circuit indicated that a party has "no right to file a surreply and surreplies are 'heavily disfavored.'" *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021) (quoting *RedHawk Holdings Corp. v. Schreiber Tr. ex rel. Schreiber Living Tr.*, 836 F. App'x 232, 235 (5th Cir. 2020)). "Rule 7 of the Local Rules of Civil Procedure contemplates only the filing of: 1) a motion; 2) a response; and 3) a reply (also referred to as 'rebuttal')." *Univ. of Mississippi Med. Ctr. v. Sullivan*, No. 3:19-cv-00459, 2021 WL 5414301, at *1 (S.D. Miss. Oct. 7, 2021) (quoting *Brown v. Wiggins*, No. 3:18-cv-487, 2019 WL 3723628, at *1 (S.D. Miss. Aug. 7, 2019)). "Leave of court is required to file an additional brief because, inter alia, the movant is generally entitled to file the last pleading." *Id.* (quoting *Brown*, 2019 WL 3723628, at *1). "Leave of court to allow a sur-reply has been found appropriate where the moving party raised new arguments in the reply brief that went beyond rebutting the response." *Id.* (citing *Brown*, 2019 WL

3723628, at *1). A review of the record shows that 21st Mortgage did not request and was not granted leave of court to file its surrebuttal. Further, in its surrebuttal, 21st Mortgage did not allege that LSIC and LotSolutions raised new arguments in their reply, but it filed the surrebuttal to bring to the Court's attention a recent Mississippi Supreme Court decision that supposedly confirmed that 21st Mortgage has a separate, independent contract with LotSolutions and LSIC.

Generally, a response to a motion must be filed within fourteen days of service of the motion and memorandum brief. L.U.Civ.R. 7(b)(4). "If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L.U.Civ.R. 7(b)(3)(E). As of the date of this order, 21st Mortgage has yet to file a response to LotSolutions and LSIC's motion to strike even though it was due on April 26, 2024. Because no leave of court was granted, 21st Mortgage did not allege that Defendants made new arguments in its reply, and 21st Mortgage has not filed a response, the motion to strike is granted. *The Clerk of Court is hereby instructed to note at docket entry [24] that the Rebuttal [24] is stricken.*

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Strike [26] is **GRANTED.**

SO ORDERED AND ADJUDGED this 20th day of June 2024.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE